**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| TIMBER LAKE FOODS, INC., )<br>    *Plaintiff* )<br>)<br>vs. )<br>)<br>PALADIN FREIGHT SOLUTIONS, )<br>INC., )<br>    *Defendant* ) | **Civil Action No.** 1:17cv209-GHD-DAS |

**NOTICE OF REMOVAL**

**TAKE NOTICE** that, under the authority of 28 U.S.C. §§ 1441 and 1446, the Defendant, Paladin Freight Solutions, Inc. ("PFS") has this day removed the civil action styled *Timber Lake Food, Inc. vs. Paladin Freight Solutions, Inc.,* which was originally filed in the County Court of Lee County, Mississippi and docketed as Civil Action No. CV2017-001252, to the United States District Court for the Northern District of Mississippi, Aberdeen Division. In support of this Notice, PFS states the following:

1. This lawsuit is seeking certain damages for loss of cargo being shipped in interstate commerce. Taking the well-pleaded allegations of the Complaint as true, as the Defendant must at this stage, the Plaintiff – a "shipper" – contracted with the Defendant to transport frozen goods from South Gate, California to New Braunfels, Texas on June 19, 2017.[1] The Plaintiff alleges that the cargo was damaged in a wreck and never reached its intended destination.[2]

2. The Plaintiff filed its Complaint on November 3, 2017 in the County Court of Lee, County, Mississippi. In that Complaint, the Plaintiff seeks recovery from PFS based upon

---

[1] A true and correct copy of the Complaint is attached as **Exhibit "A."** *See* **Exhibit "A"** at ¶ 5.
[2] **Exhibit "A"** at ¶ 6.

five discrete state law theories: Breach of contract,[3] breach of the duty of good faith and fair dealing,[4] negligence,[5] gross negligence,[6] and negligent entrustment.[7] Regardless of the legal theory alleged, each of the Plaintiff's claims is based exclusively on damage to the frozen chicken being shipped in interstate commerce.

  3. Though couched in state law terms, the Plaintiff's claims arise under federal law, and this Court has original, federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 49 U.S.C. § 14706. To the extent that any of the state law claims survive – and none should – this Court would have supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

  4. In most cases, the Court should only look to the allegations, "on the face of the Complaint," because the Plaintiff, "is master to decide what law he will rely upon." *Caterpillar, Inc.* v. *Williams*, 482 U.S. 386, 392 (1987). In ordinary circumstances, a federal question is not created, even if federal law provides a complete defense to the state law claims asserted, and even if the parties agree that the federal law defenses is the only question truly at issue in the case. *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983); *Merrell Dow Pharm., Inc.* v. *Thompson*, 478 U.S. 804, 808 (1986).

  5. "The well-pleaded complaint rule, however, is not without its exceptions. In certain situations, Congress has created the exceptions." *Hoskins* v. *Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003). As the Supreme Court has noted, "a state claim may be removed to federal court in only two circumstances - when Congress expressly so provides . . ., or when a

---

[3] **Exhibit "A"** at ¶¶ 8-11.
[4] **Exhibit "A"** at ¶ 12.
[5] **Exhibit "A"** at ¶ 13.
[6] **Exhibit "A"** at ¶ 14.
[7] **Exhibit "A"** at ¶ 15.

federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank* v. *Anderson*, 539 U.S. 1, 8 (2003) (internal cites omitted).

6. Under the provisions of 28 U.S.C. § 1337(a), "[t]he district courts [of the United States] shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce…*Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." In the Complaint, the Plaintiff alleged that the bill of lading or contract was for the shipping of interstate goods in the amount of $64,550.40.[8] Thus, based upon the well-pleaded allegations of the Complaint, the amount in controversy under 28 U.S.C. § 1337(a) is satisfied.

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Congress enacted the Carmack Amendment, which serves as the exclusive remedy for any loss of or to cargo in interstate commerce. That statute is codified at 49 U.S.C. § 14706. "Congress intended for the Carmack Amendment to provide **the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier**. Accordingly, we hold that the complete pre-emption doctrine applies." *Hoskins*, 343 F.3d at 778 (emphasis in original). Because each of the Plaintiff's claims arises from the loss or damages to goods in interstate commerce by a common carrier, all of those claims are pre-empted by the Carmack Amendment, and removal is proper. *Id.*

---

[8] **Exhibit "A"** at ¶ 5.

8. The timing of this Notice of Removal is proper because PFS removed the civil action, "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The Plaintiff filed this civil action in the County Court of Lee County, Mississippi on November 3, 2017, but only served PFS on November 20, 2017. Therefore, removal is timely under 28 U.S.C. § 1446.

9. Venue is proper in the United States District Court for the Northern District of Mississippi, Aberdeen Division, because that is the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 104(a)(2).

10. Under the provisions of 28 U.S.C. § 1446(a) and L.U. Civ. R. 5(b), a copy of the entire record from the County Court of Lee County, Mississippi will be provided within fourteen days of this Notice.

11. Alternatively and additionally, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy – taking the well-pleaded allegations of the Complaint as true – exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between the Plaintiff and PFS. The Plaintiff is a Mississippi corporation whose principal place of business is located in Tupelo, Mississippi.[9] The Defendant is a Tennessee corporation whose principal place of business is located in Memphis, Tennessee.[10] Though the prayer for relief demands $29,126.40, it also demands imposition of contractual attorneys' fees and punitive damages, both of which would place the amount in controversy above $75,000.00. This Court can conclude from the face of the Complaint that the Plaintiff demands an amount sufficient to invoke its diversity jurisdiction.

---

[9] **Exhibit "A"** at ¶¶ 1, 4.
[10] **Exhibit "A"** at ¶ 2.

12. For these reasons, the Court has subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446.

13. PFS will – after promptly filing this Notice of Removal – give notice to all parties and to the Circuit Clerk of Lee County, Mississippi, by filing a copy of this Notice of Removal with the Circuit Clerk of Lee County, Mississippi.

Dated: December 15, 2017.

Respectfully submitted,

**PALADIN FREIGHT SOLUTIONS, INC.**

By: *s/ H. Richard Davis, Jr.*
H. Richard Davis, Jr. (MSB# 103983)
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Office: (601) 353-3234
Fax:     (601) 355-9708
richard.davis@arlaw.com

## CERTIFICATE OF SERVICE

    I, H. Richard Davis, Jr., one of the attorneys for the Defendant Paladin Freight Solutions, Inc., do hereby certify that I have, this day filed a true and correct copy of the foregoing *Notice of Removal* with the Clerk of Court, and I have caused a true and correct copy to be served by United States mail, postage prepaid and electronic mail to:

    Lee A. Durrett
    P.O. Box 3101
    Tupelo, Mississippi 38803
    lee.durrett@eaglecapitalcorp.com

    Dated: December 15, 2017.

                              *s/ H. Richard Davis, Jr.*
                              H. Richard Davis, Jr.