## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI ABERDEEN DIVISION

| | | |
|---|---|---|
| TIMBER LAKE FOODS, INC., | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | **Civil Action No. 1:17-cv-00209-GHD-DAS** |
| | ) | |
| PALADIN FREIGHT SOLUTIONS, | ) | |
| INC., | ) | |
| *Defendant* | ) | |

## MEMORANDUM OF AUTHORITIES SUPPORTING MOTION TO DISMISS

The Defendant, Paladin Freight Solutions, Inc. ("PFS") files this Memorandum of Authorities supporting its Motion to Dismiss, in accord with L.U. Civ. R. 7(b)(4), and would respectfully request that the Court dismiss all claims against it, with prejudice.

### INTRODUCTION

The Plaintiff's host of state law claims for damage to cargo in interstate commerce must be dismissed because each of those claims is inconsistent with and is completely preempted by the Carmack Amendment. Timber Lake Foods, Inc. sells chicken products from its base in Tupelo, Mississippi into interstate commerce. It contracted with PFS to ship 964 boxes of chicken breast tenders from California to Texas. Unfortunately, the goods were damaged in an accident in Texas before they reached their intended destination. After Plaintiff made a formal claim, PFS paid it the amount it would cost to replace the goods. Aggrieved, the Plaintiff filed its Complaint in the County Court of Lee County, Mississippi seeking damages under Mississippi state claims for breach of contract, breach of the covenant of good faith and fair dealing, negligence, gross negligence, and negligent entrustment. But because those state law claims are completely preempted by federal law and the remedial provisions of the Carmack

Amendment, those claims must fail as a matter of law.  And because the Plaintiff has been fully compensated under Carmack, it is not entitled to further relief, including the imposition of punitive or exemplary damages, lost profits, and attorneys' fees.

### FACTUAL/PROCEDURAL BACKGROUND

Since the Court must consider the well-pleaded allegations of the Complaint as true when considering a Motion to Dismiss, this section relies upon the factual allegations of the Complaint and the exhibits incorporated into the Complaint.  The parties to this litigation entered into a Transportation Broker Agreement on June 7, 2017.[1]  The Plaintiff is a Mississippi corporation, whose principal place of business is in Tupelo, Mississippi.[2]  The Defendant is a Tennessee corporation, whose principal place of business is in Memphis, Tennessee.[3]  Plaintiff hired PFS to ship 984 cases of frozen chicken breast tenders from South Gate, California to New Braunfels, Texas.[4]  Before the chicken breast tenders reached their final destination, they were destroyed in an accident.[5]

On June 22, 2017, the Plaintiff submitted a formal claim for not only the amount the goods cost, but for the amount it charged its retail customer: $64,550.40.[6]  On August 22, 2017, PFS tendered the cost of the chicken at the time it was shipped in the amount of $35,424.00.[7]  Three days later, Plaintiff deposited the check.[8]  Aggrieved, the Plaintiff filed this lawsuit in the County Court of Lee County, Mississippi on November 3, 2017.[9]  The Complaint alleged only

---

[1] [Doc. 1-2] at ¶ 4.
[2] [Doc. 1-2] at ¶ 1.
[3] [Doc. 1-2] at ¶ 2.
[4] [Doc. 1-2] at ¶ 5.
[5] [Doc. 1-2] at ¶ 6.
[6] [Doc. 1-2] at ¶ 7.
[7] [Doc. 1-2] at ¶ 7.
[8] [Doc. 1-2] at ¶ 7.
[9] [Doc. 1-2] at p. 8.

state law claims against PFS, including: Breach of contract,[10] breach of the covenant of good faith and fair dealing,[11] negligence,[12] gross negligence,[13] and negligent entrustment.[14] The Plaintiff seeks the balance it claims in the amount of $29,126.40, plus punitive damages, attorneys' fees, pre- and post-judgment interest, and all costs. The Plaintiff served PFS on November 20, 2017. On December 15, 2017, Defendant timely removed the case from the County Court of Lee County, Mississippi to this Court.

## LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under 12(b)(6), a complaint is properly dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions made pursuant to Rule 12(b)(6) test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all the allegations in the complaint are true" and determine whether the averments comprise a "plausible" right to recovery. *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555, 570 (2007).

The current standard for adequately pleading a claim was set out in *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007). Under *Twombly*, to properly plead a claim, a party's factual allegations must be enough to raise a right to relief above the speculative level. *Phillips* v. *County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 127 S.Ct. at 1965). The Supreme Court reaffirmed and clarified the *Twombly* standard in *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009). *Iqbal* emphasized that, although a court must accept all factual allegations as true for purposes of deciding a motion to dismiss, this did not apply to legal conclusions or to "legal

---

[10] [Doc. 1-2] at ¶¶ 8-11.
[11] [Doc. 1-2] at ¶ 12. Though styled, "Breach of the **Duty** of Good Faith and Fair Dealing," this refers to the implied covenant of good faith and fair dealing which is recognized under Mississippi law.
[12] [Doc. 1-2] at ¶ 13.
[13] [Doc. 1-2] at ¶ 14.
[14] [Doc. 1-2] at ¶ 15.

conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678. The Supreme Court's clarification of federal pleading standards in *Twombly* and *Iqbal* has raised the bar for claims to survive a motion to dismiss by emphasizing that a plaintiff cannot rely on legal conclusions or implausible inferences from factual allegations to state a claim. The "plausibility" test is met only where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Darby* v. *Southern Care, Inc.*, 2010 WL 4168671, at *1 (N.D. Miss. October 19, 2010).

## ARGUMENT

I.     **Because this civil action concerns damage to cargo shipped in interstate commerce, the Carmack Amendment applies, and all of Plaintiff's state law claims should be dismissed.**

This case is about the damage to goods – specifically chicken breasts – being shipped from California to Texas. Congress enacted the Carmack Amendment to the Interstate Commerce Act in 1906 to avoid a patchwork system and provide a uniform remedy for the loss of interstate goods. The Supreme Court explained Carmack's primary objective of establishing a uniform national policy governing liability of interstate carriers:

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holdings that it was practically impossible for a carrier engaged in a business that extended beyond the confines of his own state, or carrier whose lines were extensive, to known, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation from one state to another. The congressional action has made an end to this diversity…

*Adams Express Co.* v. *Croninger*, 226 U.S. 491, 505 (1913). Three years later, the Supreme Court reaffirmed *Croninger* by holding that the Carmack Amendment is, "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's

-4-

duty as to any part of the agreed transportation, which, as defined in the Federal act, includes delivery." *Georgia, F. & A. Ry. Co.* v. *Blish Milling Co.*, 241 U.S. 190, 196 (1916).

Each Supreme Court decision interpreting the scope of Carmack has repeated the principles set forth in *Croninger* and *Blish Milling*: comprehensive application and uniformity of treatment regardless of state laws. *See, e.g. Thurston Motor Lines, Inc.* v. *Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("As to interstate shipments…the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation."; *New York, N.H. & H.R. Co.* v. *Nothnagle*, 346 U.S. 128, 131 (1953). In *Charleston & W. Carolina Ry. Co.* .v *Varnville Furniture Co.*, Justice Holmes held in construing Carmack, "[w]hen Congress has taken the particular subject-matter in hand coincidence is as ineffective as opposition, and a state law is not to be declared a help because it attempts to go farther than Congress has seen fit to go." 237 U.S. 597, 604 (1915). In so doing, the Court held that even law supplementing the relief available under Carmack were completely preempted.

The Plaintiff seeks to impose liability arising out of the interstate transportation of goods by a common carrier. All such claims are governed by the Carmack Act. *Hoskins* v. *Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). The U.S. Court of Appeals for the Fifth Circuit noted that, "Congress intended for the Carmack Amendment to provide the *exclusive cause of action* for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Id.* (Emphasis in original). State law claims for damage to cargo arising out of the interstate transportation of goods are preempted by federal law and, as a matter of law, do not exist. *See Moffit* v. *Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993) (holding Texas state law claims of "1) tort of outrage, 2) intentional and negligent infliction of emotional distress, 3) breach of contract, 4) breach of implied warranty, 5) breach of express warranty, 6) violation of

the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, 7) slander, 8) misrepresentation, 9) fraud, 10) negligence and gross negligence, and 11) violation of Bekins' statutory duties as a common carrier under state law" were preempted by Carmack). Mississippi's federal courts have acknowledged the complete preemptive effect of Carmack. *Kuehn* v. *United Van Lines, LLC*, 367 F. Supp. 2d 1047, 1050 (S.D. Miss. 2005); *Akin* v. *Williams Transfer & Storage Co.*, 2009 U.S. Dist. LEXIS 94122, at \*6 (N.D. Miss. October 8, 2009).

**II.     PFS has fully compensated the Plaintiff for the loss of cargo and, owes no further duties to the Plaintiff.**

   **a.     Plaintiff's claims for consequential damages should be dismissed because Plaintiff's damages are the cost of the goods at the place of shipment.**

Having established that all of Plaintiff's state law claims are completely preempted by federal law, the Court should dismiss this civil action with prejudice because PFS has compensated the Plaintiff for the actual goods that were damaged in interstate commerce. Both the allegations of the Complaint and the documents attached to it as exhibits demonstrate that PFS has paid the Plaintiff for the lost chicken. Instead, the Plaintiff wants its intended profits from the cargo. But that is not a quantum of damages allowed by law. Under the Carmack Amendment, the liability of a carrier for damage, "is for the actual loss or injury to the property." 49 U.S.C. § 14706(a)(1). As the Plaintiff acknowledged in the Complaint, PFS issued a check on August 22, 2017 for the chicken, which represented the cost of the damaged chicken.

The amount of damages to goods shipped in interstate commerce is, "the difference between the value of the commodity *at the place of shipment* and the reasonable value of the damaged product as delivered." *Frosty Land Foods Int'l, Inc.* v. *Refrigerated Trans. Co.*, 613 F.2d 1344, 1348 (5th Cir. 1980)(citing *Gulf, Colorado & Santa Fe. Railway* v. *Texas Packing*

*Co.*, 244 U.S. 31, 37 (1917)) (emphasis added). As the Plaintiff concedes in the Complaint, the Defendant paid the Plaintiff $35,424.00 for the damaged chicken, "representing the price of the product paid by Plaintiff to purchase the product…"[15] Thus, by its own admission, the price of the goods at the place of shipment was the precise amount PFS paid the Plaintiff. "[R]eplacement cost can be a legitimate measure of Carmack Amendment damages." *Nat'l Hispanic Circus, Inc.* v. *Rex Trucking, Inc.*, 414 F.3d 546, 552 (5th Cir. 2005).

   **b.      Plaintiff is not entitled to its attorneys' fees or to in this action.**

   The section of the Carmack Amendment at issue in this case – 49 U.S.C. § 14706 – does not provide for attorneys' fees. In its wisdom, Congress did allow for the recovery of attorneys' fees in one section of the Carmack Amendment – 49 U.S.C. § 14708 – which allows recovery of attorneys' fees to a shipper of "household goods." The goods damaged in this case are chicken breast tenders and not household goods. Fifth Circuit law is clear that Carmack completely preempts all state law claims concerning damage to goods in interstate commerce and the section of Carmack governing this action does not provide for the shipper's recovery of attorneys' fees while another section of the Amendment does. The Court can only conclude that attorneys' fees are not recoverable under the Carmack Amendment.

   In *Strickland Transp. Co.* v. *American Distributing Co.*, the Fifth Circuit held that a Texas statute authorizing attorneys' fees, "cannot extend the carrier's liability for losses beyond the limit allowed by Congress." 198 F.2d 546, 547 (5th Cir. 1952). Later, the Fifth Circuit vacated an award of attorneys' fees in a Carmack case, noting that, "This Circuit has held that attorney's fees authorized by state law are not available in Carmack Amendment actions." *Accura Sys.* v. *Watkins Motor Lines*, 98 F.3d 874, 876 (5th Cir. 1996) (citing *Strickland*, 198

---

[15] [Doc. 1-2] at ¶ 6.

F.2d at 547). Any attorneys' fees or exemplary damages inconsistent with Carmack should be dismissed with prejudice.

## **CONCLUSION**

Every state law claim in this case seeks damages from PFS for the loss of or damage to cargo shipped in interstate commerce. Because Congress has spoken authoritatively on this issue and set forth an elaborate remedial scheme in the form of the Carmack Amendment, all of Plaintiff's state law claims should be dismissed with prejudice. Further, under Carmack, the Plaintiff has already been fully compensated and cannot recover costs in addition to those set forth in the statute and caselaw interpreting that statute. For those reasons, all of the claims should be dismissed with prejudice.

Dated: December 19, 2017.

Respectfully submitted,

**PALADIN FREIGHT SOLUTIONS, INC.**

By:     *s/ H. Richard Davis, Jr.*
        H. Richard Davis, Jr. (MSB# 103983)
        Adams and Reese, LLP
        1018 Highland Colony Parkway, Suite 800
        Ridgeland, Mississippi 39157
        Office: (601) 353-3234
        Fax:    (601) 355-9708
        richard.davis@arlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, H. Richard Davis, Jr., one of the attorneys for the Defendant Paladin Freight Solutions, Inc., do hereby certify that I have, this day filed the foregoing with the Clerk of Court using the CM/ECF system, which has caused electronic service on all attorneys of record.

Dated: December 19, 2017.

*s/ H. Richard Davis, Jr.*
H. Richard Davis, Jr.
