IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIMBER LAKE FOODS, INC.                                PLAINTIFF

VS.                                         NO. 1:17-CV-00209-GHD-DAS

PALADIN FREIGHT SOLUTIONS, INC.                        DEFENDANT

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

COMES NOW Plaintiff Timber Lake Foods, Inc. ("Timber Lake"), by and through counsel, and in support of its Response to the Motion to Dismiss filed by Defendant Paladin Freight Solutions, Inc. ("Paladin") and in opposition to said Motion to Dismiss, would show as follows:

## I. FACTS AND PROCEDURAL HISTORY

Timber Lake is a Mississippi corporation which is engaged in the sale and delivery of various food products to customers throughout the continental United States. In the normal course of its business, Timber Lake retained the services of Defendant Paladin Freight Solutions, Inc. ("Paladin"), as a transportation broker, to arrange for, to handle, and to be responsible for the transportation of certain products of Timber Lake to one of its customers. In furtherance of that retention and as a condition precedent, Paladin executed a Transportation Broker Agreement on June 7, 2017 which set forth the terms and conditions of the relationship between Timber Lake and Paladin. [ECF # 2, Exhibit "A"]. Paladin ultimately retained a carrier to ship 984 cases of frozen chicken from South Carolina to New Braunfels, Texas, however, the product was destroyed in an accident before reaching its final destination. As a result, Timber Lake submitted a formal claim to Paladin for reimbursement for the destroyed product in the

1

amount of $64,550.40. On August 22, 2017, Paladin made a partial payment of $35,424.00 constituting the cost of the frozen chicken. On November 3, 2017 Timber Lake filed its Complaint in the County Court of Lee County, Mississippi [See ECF Docket No. 2] seeking recovery of the balance owed of $29,126.40 along with punitive damages, attorney's fees, pre and post judgment interest and costs. The state law claims asserted against Paladin in the Complaint included breach of contract, breach of the covenant of good faith and fair dealing, negligence, gross negligence and negligent entrustment. Timber Lake asserted no claims arising under federal law in its Complaint. On December 15, 2017, Paladin removed Timber Lake's Complaint to this honorable court. [See ECF Docket No. 1].

## II. ARGUMENTS AND AUTHORITIES

### 1. Standard of review and choice of law.

"A Rule 12(b)(6) motion is disfavored, and it is rarely granted". In Re Catfish Antitrust Litig., 826 F.Supp. 1019, 1024 (N.D. Miss. 1993) (citing Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981)). In reviewing a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept "all well pleaded facts as true, viewing those facts in the light most favorable to the plaintiff". Roebuck v. Dothan, SEC, Inc., 515 Fed. Appx. 275, 277 (5th Cir. 2013); Stokes v. Gann, 498 F.3d 483, 484 (5th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact'". Ashcroft v. Iqbal, 557 U.S. 662, 678 (2009). Paladin has failed to meet the high legal standard necessary for this court to sustain a motion to dismiss filed pursuant to Rule 12(b)(6), requiring that its motion be denied.

2

2. **Paladin's entire argument in support of its Motion to Dismiss is that the Carmack Amendment applies to preempt all state law claims asserted by Timber Lake in its Complaint, and that Timber Lake's claim for consequential damages and attorney's fees are not permitted by the Carmack Amendment.**

For the same reasons remand is proper to the County Court of Lee County, Mississippi, Paladin's Motion is not well taken and should be denied. Timber Lake fully adopts and incorporates herein by reference all arguments and authorities contained in its separate Motion to Remand and supporting memorandum, which demonstrate that this honorable court lacks jurisdiction to even consider the arguments presented in Paladin's Motion to Dismiss.

**(A)** **The Carmack Amendment is not applicable to a broker such as Paladin.**

As an initial matter, Paladin is a freight broker, not a carrier. Although Timber Lake made alternative claims that Paladin acted as a "broker and/or carrier" in regard to the product in question [ECF # 2], Timber Lake has verified that Paladin apparently acted only as a broker in this case.[1] This is further supported by the terms and conditions of the Transportation Broker Agreement [see ECF # 2; Exhibit "A"] which indicates that Timber Lake "desires to hire BROKER to perform motor brokerage transportation services for [Timber Lake] in accordance with the terms and subject to the conditions of this Agreement; WHEREAS, BROKER, desires to perform motor brokerage transportation services for [Timber Lake] in accordance with the terms and subject to the conditions of this Agreement...". [see ECF # 2; Exhibit "A"]. Such is

---

[1] Upon remand, Timber Lake will seek leave of court to file an amended complaint which removes any reference to potential "carrier liability" on the part of Paladin. In any event, "[w]hether a company is a broker or a carrier/freight forwarder is not determined by how it labels itself, but by how it holds itself out to the world and its relationship to the shipper." Lumbermens Mut. Cas. Co. v. GES Exposition Servs., Inc., 303 F. Supp. 2d 920, 921 (N.D. Ill. 2003);

further confirmed by the fact that Paladin had no authority to act as a common or contract carrier and that the only authority granted by the Federal Motor Carrier Safety Administration ("FMCSA") and the Department of Transportation ("DOT") to Paladin was to act as a transportation broker. (See Exhibit "A" hereto).

By its terms, the Carmack Amendment is not applicable to a broker such as Paladin. 49 U.S.C. section 14706 clearly addresses "Liability of carriers", not brokers. The Carmack Amendment makes carriers liable for losses of or damage to property being transported, e.g., Ward v. Allied Van Lines, Inc., 231 F.3d 1235, 138 (4th Cir. 2000), and is the exclusive mechanism available to a shipper to recover possible damages or losses from a carrier. Polesuk v. CBR Sys., 2006 U.S. Dist. LEXIS 71098 *27, 28 (S.D. N.Y. 2006).

Carmack defines a "broker" in part as a "person, other than a motor carrier...". 49 U.S.C. section 13102. Numerous courts, including district courts within the Fifth Circuit, have held that brokers (such as Paladin) are not subject to the Carmack Amendment and are liable under state law causes of action such as those asserted by Timber Lake in its Complaint. Chubb Group of Ins. Co. v. H.A. Transp. Sys., 243 F.Supp. 2d 1064, 1068-69 (C.D. Cal. 2002) (holding "the Carmack Amendment does not apply to brokers"); Fireman's Fund Ins. Co. v. ATS Logistics Servs., 2009 U.S. Dist. LEXIS 65870 (S.D. Tex. 2009) (dismissing common carrier claims asserted against broker); Active Media Servs. v. CAC Am. Cargo Corp., 2012 U.S. Dist. LEXIS 139785 (S.D. N.Y. 2012) ("the Carmack Amendment does not apply to brokers"); Travelers Ins. v. Panalpina, Inc., 2010 U.S. Dist. LEXIS 104659 *14 (N.D. Ill. 2010) (same); Maass

---

United Rd. Logistics, LLC v. DVM Car Trans LLC, 2016 U.S. Dist. LEXIS 97881 *10 (E.D. Mich. 2016) (quoting GES Exposition).

Flange Corp. v. All-State Hot Shot, LLC, 2013 U.S. Dist. LEXIS 77781 *3-4 (M. D. La. 2013) (same); Glazer's Wholesale Drug Store v. Nyk Logistics (Am.), 2010 U.S. Dist. LEXIS 150551 *3-4 (N.D. Tex. 2010) (same).    As the Carmack Amendment is inapplicable to the shipper-broker relationship existing between Timber Lake and Paladin, the Motion to Dismiss filed by Paladin is without merit and should be denied.

**(B)  The product in question constitutes an exempt commodity not subject to the Carmack Amendment.**

In its Memorandum of Authorities Supporting Motion to Dismiss (ECF Docket No. 6) Paladin concedes that the product in question consists of frozen chicken. This is a commodity exempt from regulation by the FMSCA and DOT and the scope of the Carmack Amendment and, renders the Carmack Amendment inapplicable to the claims asserted in this case.

Under 49 U.S.C. section 13506, certain exemptions from applicability of the Carmack Amendment exist. See Serv. First Logistics v. J. Rodriguez Trucking, Inc., 2017 U.S. Dist. LEXIS 57315 (E.D. Mich. 2017) (discussing exempt commodities not subject to Carmack Amendment).    Specifically, under sections 13506(a)(6)(B) and (C), the following exemptions are established:

(B).  agricultural or horticultural commodities (other than manufactured products thereof);

(C).  commodities listed as exempt in the Commodity List incorporated in ruling numbered 107, March 19, 1958...

The product in question in this case, frozen chicken, fits within both exemptions.  In East Texas Motor Freight Lines, Inc. v. Frozen Food Express, 351 U.S. 49 (1956), the United States Supreme Court specifically held that processed and frozen chicken

5

qualified as an exempt commodity under 49 U.S.C. section 13506(a)(6)(B). Further, Administrative Ruling 107, now Composite Commodity List Administrative Ruling 119, specifically lists "frozen poultry" as a commodity exempt from the Carmack Amendment. (See Composite Commodity List Administrative Ruling 119, attached hereto as Exhibit "B"). See, e.g., Taiyo Americas, Inc. v. Honey Transport, Inc., 262 F.Supp. 1249, 1250-52 (S.D.N.Y. 1979) (discussing frozen shrimp as exempt commodity not subject to Carmack Amendment). Since frozen poultry is a specifically exempt commodity which is not subject to the Carmack Amendment, Paladin's Motion to Dismiss which is premised solely upon applicability of the Carmack Amendment must be denied.

      **(C)**    **Even assuming the Carmack Amendment is applicable, Paladin and Timber Lake contractually modified its terms.**

Assuming arguendo the Carmack Amendment is applicable and that Paladin acted as a carrier as defined by that Act, a shipper and carrier may contract for specified services and may waive the applicability of the Carmack Amendment.

(b) Contracts with shippers.

(1) In general. A carrier providing transportation or service subject to jurisdiction under chapter 135 [49 USCS §§ 13501 et seq.] may enter into a contract with a shipper, other than for the movement of household goods described in section 13102(10)(A) [49 USCS § 13102(10)(A)], to provide specified services under specified rates and conditions. If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part [49 USCS §§ 13101 et seq.] for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies. The parties may not waive the provisions governing registration, insurance, or safety fitness.

(2) Remedy for breach of contract. The exclusive remedy for any alleged breach of a contract entered into under this subsection shall be an action

in an appropriate State court or United States district court, unless the parties otherwise agree.

49 U.S.C. section 14101(b).

The Transportation Broker Agreement executed by Timber Lake and Paladin (Exhibit "A"; ECF # 2) does exactly that, in that the parties expressly agreed to remedies and conditions entirely inconsistent with Carmack. Specifically, in Paragraph IX pf the Agreement Paladin expressly accepts liability for any special or consequential damages. This would include a claim for lost profits. [Exhibit "A", ECF # 2]). In Paragraph XVI of the Agreement the parties further agree that "should legal enforcement of this agreement become necessary, the prevailing party shall be entitled to recover all costs, including attorney's fees". [Id.].[2] Paladin and Timber Lake, sophisticated business entities, expressly agreed that claims for consequential and special damages, and for attorney's fees, could be recovered despite any contrary language in the Carmack Amendment. As the parties have expressly waived the Carmack Amendment on these points, Paladin's Motion seeking dismissal of both consequential damages and attorney's fees should be denied.

### III. CONCLUSION

Based on the foregoing, Plaintiff Timber Lake Foods, Inc. respectfully requests the court to deny the Motion to Dismiss filed by Paladin Freight Solutions, Inc. in its entirety, as the Carmack Amendment is inapplicable to the relationship between the parties as shipper and broker, the product in question constitutes an exempt commodity under the Carmack Amendment, and the parties contractually modified any other

damages which may be awarded, or not awarded, under the Carmack Amendment. Plaintiff Timber Lake Foods, Inc. respectfully prays for such additional and further relief as to which it may be entitled.

Respectfully submitted, this the 15th day of January, 2018.

TIMBER LAKE FOODS, INC., Plaintiff

BY: */s/L. Bradley Dillard*

L. BRADLEY DILLARD (#10114)

OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
TELEPHONE: (662) 842-3871
FACSIMILE: (662) 842-8450
bdillard@mitchellmcnutt.com

LEE A. DURRETT, ESQ.
GENERAL COUNSEL
TIMBER LAKE FOODS, INC.
P. O. BOX 3101
TUPELO, MISSISSIPPI 38803
TELEPHONE: (662) 842-7190
FACSIMILE: (662) 718-7969
lee.durrett@eaglecapitalcorp.com

---

[2] Further evidence of the parties' intent to contractually waive applicability of the Carmack Amendment is evidenced by their agreement that any complaint "be venued and brought exclusively in the Circuit or County Court of Lee County, Mississippi". [ECF # 2, Exhibit "A"].

## CERTIFICATE OF SERVICE

I, L. Bradley Dillard, one of the attorneys for Plaintiff Timber Lake Foods, Inc., do hereby certify that I have this day served a true and correct copy of the above and foregoing RESPONSE TO MOTION TO DISMISS on the following via ECF filing:

H. Richard Davis, Jr.
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
richard.davis@arlaw.com

THIS the 15th day of January, 2018.

/s/ L. Bradley Dillard
L. BRADLEY DILLARD