**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | | |
|---|---|---|
| TIMBER LAKE FOODS, INC., | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| vs. | ) | **Civil Action No. 1:17-cv-00209-GHD-DAS** |
| | ) | |
| PALADIN FREIGHT SOLUTIONS, | ) | |
| INC., | ) | |
|     *Defendant* | ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR COSTS AND FEES**

The Defendant, Paladin Freight Services, Inc., requests that the Court deny the Plaintiff's Motion for Costs and Fees [Doc. 24] and would show in support the following:

**INTRODUCTION**

As the Plaintiff conceded in its Motion, cargo damage claims under the Carmack Amendment are "not routine." And while not entirely novel, Carmack and the regulations promulgated in support of it are arcane, to say the least. The Court should deny the Plaintiff's motion for two discrete reasons: First, all of the effort Plaintiff expended would have been necessary regardless of whether this case were removed or if PFS chose to litigate it in state court; Second, the contract from which all of Plaintiff's claims derive contains a clause allowing recovery of all reasonable attorneys' fees to the prevailing party. In other words, the County Court of Lee County, Mississippi – the Plaintiff's chosen forum – has the full ability to compensate the Plaintiff for any attorneys' fees incurred if it prevails in its claims against PFS. The Court should finally remand the case to the County Court of Lee County, Mississippi without any award of costs or fees.

## FACTUAL/PROCEDURAL BACKGROUND

The Plaintiff in this case is seeking damages based upon cargo damaged in interstate commerce. The specific cargo – and this is important for the analysis – was 984 cases of frozen chicken breast tenders. PFS removed the suit on the grounds that federal law completely preempted all state law claims. It then filed a motion to dismiss each of the state law claims for the same reasons.

The Plaintiff timely responded to the Motion to Dismiss and filed a separate Motion to Remand, the bulk of which drew from arguments set forth in the Response to the Motion to Dismiss. The Plaintiff correctly pointed to several arcane regulations promulgated by the Secretary of Transportation, one of which exempted from the preemptive scope of Carmack certain enumerated commodities. Amongst that list was frozen poultry and non-processed poultry goods. But regulations include within the scope of Carmack meat products and frozen meat products. The Plaintiff was correct that frozen chicken products are not included within the scope of Carmack, but that was not patently obvious, and there was certainly an arguable basis for the removal.

## LEGAL STANDARD

A District Court "**may** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The obvious corollary of that proposition is that an award of costs and fees is not mandatory. The grant of a motion to remand does not automatically justify an award under § 1447(c) in the moving party's favor. *See Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Instead, "the reasonableness of the removal" determines whether fees should be awarded. *Martin*, 546 U.S. at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (citations omitted). Here, PFS had an objectively reasonable basis for removing the case, and the Court should deny the Plaintiff its costs and expenses.

## LAW AND AUTHORITIES

**I.     Whether PFS removed the case or not, the Plaintiff would have been required to analyze the law on Carmack.**

In addition to the remand, PFS also moved to dismiss each of the state law claims as being totally preempted under Carmack. Whether that motion was filed in this Court or in the County Court of Lee County, Mississippi, Plaintiff would have been required to analyze and address the Carmack issues. And while the Plaintiff's position was ultimately correct, it was not transparently so at the time of removal or when the motion to dismiss was filed. As noted in the remand pleadings and the Motion to Dismiss, the Carmack remedial scheme was intended to be all encompassing. *See Hoskins* v. *Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) ("Congress intended for the Carmack Amendment to provide the *exclusive cause of action* for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.") (Emphasis in original).

   **a.     PFS had an objectively reasonable basis for removal in this case.**

The applicable Carmack damages statute is set forth in 49 U.S.C. § 14706. The remedial provisions apply to any carrier "providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135…" 49 U.S.C. §14706(a)(1). In subchapter I of Chapter 135, Congress gave the Secretary of Transportation and the Surface Transportation Board jurisdiction, "over transportation by a motor carrier and the procurement of that transportation, to the extent

that passengers, property, or both, are transported by motor carrier…between a State and a place in another State." 49 U.S.C. § 13501(1). There are statutory exemptions for,

> transportation by motor vehicle of agricultural or horticultural commodities (other than manufactured products thereof)…and commodities listed as exempt in the Commodity List incorporated in ruling numbered 107, March 19, 1958, Bureau of Motor Carriers, Interstate Commerce Commission, other than frozen fruits, frozen berries, frozen vegetables, cocoa beans, coffee beans, tea, bananas, or hemp, or wool imported from a foreign country, wool tops and noils, or wool waste (carded, spun, woven, or knitted)…

49 U.S.C. § 13506(a)(6)(B) and (C). There are then two specific commodities at issue here: 1) those in subsection (B) and those in subsection (C). There is a regulation promulgated under subsection (B), which defines those commodities.

> 49 U.S.C. 13506(a)(6) provides an exemption from regulation for motor vehicles used in carrying ordinary livestock, fish, and unmanufactured agricultural commodities. ***Certain specific commodities have been statutorily determined to be non-exempt.*** Administrative Ruling No. 133, which is reproduced below, ***is a list of those commodities that are non-exempt by statute***.

49 C.F.R. § 372.115 (emphasis added). That list includes, "[m]eat and meat products, fresh, frozen or canned…" *Id.* The Fifth Circuit has – albeit in *dicta* – endorsed this regulation. *See Ill. Cent. R.R.* v. *Dupont*, 326 F.3d 665, 667 n. 5 (5th Cir. 2003).

The other subsection concerns those commodities listed in Ruling No. 107 on March 19, 1958. The statute does not read the Commodity List "as amended" or altered in any way; instead, it codified the ICC's ruling as it was on that exact date. Amongst that list is: "Poultry, dressed, fresh or frozen;" "Poultry feathers;" "Poultry, frozen;" "Poultry, live; and "Poultry, picked." It does not list frozen chicken breast tenders. Moreover, multiple courts have applied Carmack to the shipment of poultry goods. *See Eagle Transp., LLC* v. *Scott*, No. 2:11-CV-96-KS-MTP, 2012 U.S. Dist. LEXIS 52107 (S.D. Miss., Apr. 13, 2012) (chicken breasts); *C.R. England & Sons* v. *Atchison*, T. & S. F. Ry., 924 F. Supp. 757, 758 (N.D. Tex. 1996) (same);

*Leonard's Express, Inc.* v. *Arrowstream, Inc.*, 2012 U.S. Dist. LEXIS 40214, *4 (W.D. N.Y. March 23, 2012) (chicken breasts); *Turner's Farms, Inc.* v. *Maine C. R. Co.*, 486 F. Supp. 694, 699 (D. Maine 1980) (flocks of chickens). Indeed, in one this Court decided before *Hoskins* held that Carmack completely preempted all state law claims, the Court granted remand in a case alleging damage to chicken breasts, but it did so on the basis that Fifth Circuit precedent at the time failed to recognize complete preemption. *See Schaper Co.* v. *C.A.R. Transp. Brokerage Co.*, No. 1:97cv314-D-A, 1997 U.S. Dist. LEXIS 22238, at *11-15 (N.D. Miss. Dec. 30, 1997).

Thus, while the facts of this case are relatively straightforward, the law on point is about as clear as mud. Plaintiff concedes that PFS did not act in bad faith in removing this case, nor could it. The very argument Plaintiff uses to justify the amount of expenses claimed demonstrates the opacity of Carmack.

      **b.**    **By sworn admission, the issues related to the remand and Motion to Dismiss are so intertwined as to be identical.**

In support of the Plaintiff's current motion for fees, Plaintiff's counsel, Brad Dillard, admitted that the amount of time spent in seeking remand was the same research necessary to counter the Motion to Dismiss. *See* Affidavit of L. Bradley Dillard, [Doc. 23-2] at ¶ 6(a). The statute authorizing fees for wrongful remand notes only that, "[a]n order remanding the case ***may require*** payment of just costs and any actual expenses, including attorney fees, incurred ***as a result of the removal***." 28 U.S.C. § 1447(c) (emphasis added). In a procedurally similar case to this one, a court denied fees related to responding to a motion to dismiss while awarding fees related to the remand issue. *See Simenz* v. *Amerihome Mortg. Co.*, LLC, 544 F. Supp. 2d 743, 747 (E.D. Wisc. 2008). The removal action in *Simenze* was separable from the motion to dismiss, whereas here, it is not. The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) ***only where the removing party***

*lacked an objectively reasonable basis for seeking removal.*" Martin v. *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).

If PFS had not removed the case to this Court, it would have still filed a motion to dismiss on the grounds stated in the motion to dismiss. Counsel for PFS has done so in Mississippi courts before. *See*, **Exhibit "A"** – Motion to Dismiss in Satellite case. The amount of time and research devoted by Plaintiff's counsel to the Carmack issues – which, as noted above, are not entirely straightforward – would have been necessary even without removal. "[O]rdinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts* v. *Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

c. **PFS conceded the necessity of remand in this case.**

As the Court noted in *Martin*,

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

546 U.S. at 141. PFS had an objectively reasonable basis for removing this case; virtually all claims for damage to cargo in interstate commerce is governed by the substantive standards of the Carmack Amendment. And after researching the law cited by Plaintiffs in the responsive briefing, PFS submitted to the Court an agreed order remanding the case to the County Court of Lee County for adjudication. "When determining whether attorney's fees should be awarded, the district court must not consider the motive of the removing defendant, but must consider 'the objective merits of removal [at the time of removal], irrespective of the fact that it might ultimately be determined that removal was improper.'" *Valdes* v. *Wal-Mart Stores, Inc.*, 199

F.3d 290, 292-93 (5th Cir. 2000). As noted above, at the time of removal, PFS had objectively good grounds to believe removal was proper, and it did not unduly delay the matter by opposing the law cited in support of remand. It acted reasonably at all times.

In *Martin*, the Supreme Court noted that one of the factors to consider is whether the purpose of the removal was to unduly prolong the proceedings. *Martin*, 546 U.S. at 141; *see also Admiral Ins. Co.* v. *Abshire*, 574 F.3d 267, 280 (5th Cir. 2009). In this case, the Defendant – upon properly researching the law cited in the remand motion **and** in response to the motion to dismiss – agreed to enter an order of remand without filing any opposition to it. Thus, it chose to expedite the matter rather than to prolong. This does not evidence any decision to remove the case for tactical gain. Awarding fees in this case would "undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Abshire*, 574 F.3d at 280.

**II.     The County Court of Lee County, Mississippi has the power to award Plaintiff its costs and fees in a final judgment.**

The Fifth Circuit has held that "§ 1447(c) fee awards are cost recoupments, hence punitive in policy only, "and should only be awarded if the removing party lacks an objectively reasonable basis for removal." *American Airlines, Inc.* v. *Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012). Because the Plaintiff in this case has a method for recouping costs – including fees – there is no need for this Court to award them.

Under clearly established Mississippi law, a prevailing party has no entitlement to attorneys' fees absent a contract or statute authorizing them or imposition of punitive damages. *Stanton & Associates, Inc.* v. *Bryant Constr. Co.*, 464 So. 2d 499, 502 (Miss. 1985). Likewise, a Court may award fees as a sanction based upon conduct in the litigation. *E.g. Sullivan* v. *Maddox*, 122 So. 3d 75, 84 (Miss. Ct. App. 2013). In this case, the claims arise out of a contract

between the parties. That contract authorizes the prevailing party in the dispute to recover its reasonable attorneys' fees. [Doc. 1-1] at ¶ XII. Since the removal statute only serves to "recoup" fees for removal, and since the Plaintiff has full opportunity to seek those costs and fees in the forum it chose, the Court should deny the award of fees under § 1447(c).

## CONCLUSION

At the time of removal, the Defendant had an objectively reasonable basis to remove the civil action to this Court. All of the Plaintiff's claims concerned damage to cargo in interstate commerce, and the law is clear that Congress intended for such claims to be governed by the Carmack Amendment. And multiple federal and state courts across the country, including some in Mississippi, have adjudicated claims of lost chicken breasts under Carmack. The Plaintiff and its counsel did an excellent job of researching and pointing out the claimed exemption from Carmack such that PFS had no good faith basis afterward to oppose remand. But an award of attorneys' fees in this case would absolutely frustrate the statute's purpose and be akin to a standard of strict liability for attorneys' fees in every case where remand was appropriate. PFS respectfully requests that the Court deny the Plaintiff's Motion.

Dated: March 30, 2018.

                                              Respectfully submitted,

                                              **PALADIN FREIGHT SOLUTIONS, INC.**

By:    *s/ H. Richard Davis, Jr.*
          H. Richard Davis, Jr. (MSB# 103983)
          Adams and Reese, LLP
          1018 Highland Colony Parkway, Suite 800
          Ridgeland, Mississippi 39157
          Office: (601) 353-3234
          Fax:   (601) 355-9708
          richard.davis@arlaw.com

## CERTIFICATE OF SERVICE

    I, H. Richard Davis, Jr., one of the attorneys for the Defendant Paladin Freight Solutions, Inc., do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

    Dated: March 30, 2018.

                                                  *s/ H. Richard Davis, Jr.*
                                                  H. Richard Davis, Jr.