IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TIMBER LAKE FOODS, INC.**                                                           **PLAINTIFF**

**V.**                                                               **Civil No. 1:17-cv-00209-GHD-DAS**

**PALADIN FREIGHT SOLUTIONS, INC.**                                        **DEFENDANT**

**MEMORANDUM OPINION DENYING MOTION FOR COSTS AND FEES**

Now before this Court is Plaintiff Timber Lake Foods' motion for costs and fees [23]. Having considered the matter, the Court finds the motion should be denied.

### Factual and Procedural Background

Timber Lake contracted with Defendant Paladin Freight Solutions to transport food products to Timber Lake customers throughout the United States. Pursuant to the agreement, Paladin was to transport a load of frozen chicken breasts from California to Texas for Timber Lake. However, the truck transporting the chicken was involved in a car accident that destroyed the entire load.

Timber Lake filed a claim with Paladin for $64,550.50, which was the total amount of the sale. Paladin informed Timber Lake that it would issue a check for $35,4240.00, the purchase price of the chicken breasts. Timber Lake believed that under the contract they were entitled to be reimbursed for the total loss—in this case the cost of the chicken and the profit from the sale.

Timber Lake brought this action to recover the full amount of the sale in the Circuit Court of Lee County, Mississippi. Paladin timely removed the case to this Court on the basis that the Carmack Amendment preempted any state-law claims Timber Lake had, and thus, this Court had federal question subject matter jurisdiction to hear the claim. Paladin then filed a motion to dismiss, while Timber Lake filed a motion to remand.

1

The parties came to agree that the case should be remanded, and this Court entered an agreed order [19] remanding the case to state court and allowing Timber Lake to file a motion for costs and fees if it chose to do so. Timber Lake has filed such a motion. Paladin has responded, and the matter is now ripe for review.

## Standard for Award Costs and Fees

28 U.S.C. § 1447 provides that, on an order for remand, a court may require the removing party pay costs and fees the non–removing party incurred as a result of the removal. 28 U.S.C. § 1447(c). The court may order the payment of these costs and fees only when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). "In determining whether a defendant had objectively reasonable grounds for removal, [the court] 'evaluate[s] the objective merits of removal at the time of removal.' " *Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 445 (5th Cir. 2015) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

## Analysis

At the outset, the Court notes the difficulty in determining whether Paladin had an objectively reasonable basis for removal in this case. The parties agreed to remand the case before briefing on the motion to remand had been completed, and so the Court is without developed arguments on the merits of the removal. The Court can do nothing more than note that Paladin must now believe removal was inappropriate because it agreed to remand the case. The Court is hesitant to assume, as Timber Lake urges, that because Paladin agreed to remand the case without further briefing that there was no reasonable basis for removal. Were courts to so assume, a removing party who comes to agree that removal was improper would have to choose between agreeing to remand (and therefore conceding it owes remand–related costs and fees) or continuing to oppose

the motion just to avoid the potential payment (and increasing costs and fees incurred by the parties). The Court does not wish to put removing parties between a rock and a hard place.

Paladin removed the case to this Court arguing that the Carmack Amendment preempted any state law claims for damages to goods transported in interstate commerce by a common carrier. Paladin was correct that if the Carmack Amendment applied to the shipment in this case, it preempted any state-law claims; Timber Lake's only cause of action would be a federal one under the Carmack Amendment and this Court would have jurisdiction under 28 U.S.C. § 1331. *See Hoskins v. Bekins Van Lines*, 343 F3d. 769, 778 (5th Cir. 2003) (holding that Carmack Amendment provides "the exclusive cause of action for loss or damages to good arising from the interstate transportation of goods by a common carrier.")

Timber Lake argues that Paladin had no objectively reasonable basis for believing the Carmack Amendment applied to this shipment because the goods in this case—frozen chicken breasts—are exempt under 49 U.S.C. § 13506. Paladin argues it had a reasonable belief removal was appropriate by citing several cases, including a case from this Court, concerning the Carmack Amendment that involved shipment of chicken breasts. *See Eagle Transp., LLC v. Scott*, No. 2:11-cv-00096-KS, 2012 WL 1252616 at *1 (S. D. Miss. April 13, 2012); *C.R. England & Sons, Inc. v. Atchison, Topeka & Santa Fe Ry. Co.*, 924 F. Supp. 757, 758 (N.D. Tex. 1996); *Schaper Co. v. C.A.R. Trans. Broker Co., Inc.* No. 1:97-CV-00314-GHD, 1997 WL 852488 at *1 (N.D. Miss. Dec. 30, 1997); *Leonard's Exp., Inc. v. ArrowStream, Inc.*, No. 10-CV-6249P, 2012 WL 1014824, at *1 (W.D.N.Y. Mar. 23, 2012).

A review of these cases shows no discussion of the applicability of the Carmack Amendment to the shipment of frozen chicken breasts. On the one hand, a reader should not extrapolate a holding—that frozen chicken breasts are exempt—where one doesn't exist. On the other hand, a

reader could infer from these cases that the applicability of the Carmack Amendment to those shipments of chicken breasts was such a fundamental assumption that it did not warrant a discussion by either the parties or the court. A researcher into this issue would find a number of cases involving the Carmack Amendment and shipments of chicken breasts, none of which question the applicability of the Amendment to those shipments. The Court, therefore, finds there was an objectively reasonable basis to believe that the Carmack Amendment applied and that this Court had jurisdiction, permitting removal.

Because there was objectively reasonable basis for removal, an award of costs and fees is inappropriate. Timber Lake's motion should be denied.

A separate order in accordance with this opinion shall issue.

This, the 17th day of April, 2018.

/s/ Glen H. Davidson

SENIOR U.S. DISTRICT JUDGE